### BRYAN vs. TURNBULL & AL.

The words of a prison bound bond need not be essentially the same, as those of the form in the act.

The sureties on it, cannot discharge themselves by surrendering the principal.

APPEAL from the court of the third district, the judge of the second presiding.

PORTER, J. delivered the opinion of the court. The plaintiff brought suit against one Stewart, and obtained judgment against him. He was arrested on a writ of *capias ad satisfaciendum,* and gave the defendants as sureties to keep the prison limits. The petition charges the debtor to have violated his engagement by departing from the limits of the prison, and avers the responsibility of the defendants as a consequence of said departure.

The answer consists of a general denial, and an averment that there has been no breach of

the condition of the bond, because the respon-
dents took the body of Stewart and surren-
dered him into the custody of the deputy she-
riff, who was jailor of the parish, and that the
sheriff, after this surrender, permitted Stewart
to depart from the limits. The court below
gave judgment against the defendants and they
appealed.

Two points have been made in this court.

*First.* That the bond does not pursue the
statute under which it was taken, and is void.

*Second.* That the surrender of the debtor
into the custody of the sheriff discharged the
sureties.

I. The condition of the bond is in the fol-
lowing words: "Whereas on the 17th day of
March last, there was issued from out of the
clerk's office of the third judicial district, in the
parish of West Feliciana, and state of Louis-
iana, a writ of *capias ad satisfaciendum*, at
the suit of Mary S. Bryan against Charles
Stewart, and the said Charles Stewart having
surrendered his body to the sheriff, in execution
of said writ. Now, therefore, if he, the said
Charles Stewart will keep within the limits of
the prison bounds, of said parish of West Fe-
liciana, and state aforesaid, which bounds are

East'n. District.
*May*, 1829.

BRYAN
*vs.*
TURNBULL
& AL.

prescribed and set a part by the parish judge and two justices of the peace, in conformity with the law in such cases made and provided, (it being the limit of the parish,) and not depart therefrom, without paying or satisfying the said Mary S. Bryan or her legal representatives the sum of $2682 21-100; ten per cent. interest on the sum of $2922 21-100, from the 24th of May, 1825, until the 20th of November, 1826, and like interest on $2682 21-100, from the last date until paid, also the sum of $22 21-100, and $1 62 1-2 for said *ca. sa.* or be otherwise discharged according to law, then and in such case the obligation to be void, and of no effect, otherwise to be and remain in full force and virtue in law." The condition of the bond which the statute directs is, "That the debtor shall not break or depart from the bounds, without the leave of the court, or being released by the order of the plaintiff, at whose suit he, the debtor, is confined." The words of the bond, taken in this case, though they do not literally pursue those of the statute, are substantially the same, and do not in any respect vary the contract which would have been formed, had the very language of the act been pursued.

We have repeatedly decided that in whatever form parties chose to bind themselves, they would be bound. The law of the *recopilacion*, under which these decisions were made, was imperative on the court, and its equity is as striking as its commands are clear. It was certainly not intended to say that every bond, which parties might sign, was valid— but that every engagement, entered into on a good and lawful consideration, was binding, no matter what form was given to the contract. The bond in this instance, had a lawful consideration, and we think the breach of the condition authorised the obligee to sue on it. The case cannot in any respect be distinguished from that of *Wood & al.* vs. *Tick*, 10 *Martin*, 196.

It has been contended that the bond was taken since the passage of the act repealing the ancient laws of the country; but a reference to the date shews it to have been given before.— Had it been entered into after, we should then have had the question presented to us, whether in the absence of any positive law, we could have adopted a better rule than that which was contained in the *recopilacion*, but this it is unnecessary to decide.

East'n. District.
*May*, 1829.

BRYAN
*vs.*
TURNBULL
& AL.

East'n. District.
May, 1829.

BRYAN
vs.
TURNBULL
& AL.

II. The equity of permitting the sureties to discharge themselves from responsibility by surrendering the body of their principals to the sheriff, has been strongly pressed on us, and the argument is certainly not without weight. But we do not feel authorised on such a consideration, to relieve the defendants contrary to the express terms of their obligation; having entered into an agreement by which they became responsible, unless certain events took place, it is not in the power of the court to add to, or diminish any of the grounds on which their liability was to cease. The right of bail to surrender the principal, where they are bound, for his appearance to answer the judgment of the court, is given by a provision of the code of practice, and no such provision is made in relation to sureties for the prison bounds. The according of such a privilege in the one case, and the silence in regard to it on an another, offer a strong reason for believing that it was the intention of the legislature to make a difference between them. We have looked thro' all the books within our reach, and we cannot find a single case where such a right has been claimed on behalf of sureties for prison bounds, and yet the instances must have been numerous

where it was their interest to surrender the debtor's body and consign him to close custody. *Code of Practice*, 230, 730.

East'n. District.
*May*, 1829.

BRYAN
*vs.*
TURNBULL
& AL.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*M'Caleb* for the plaintiff— *Watts* for the defendants.